# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHEETZ, INC.,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-450**          (JCN: 2022024526)

**WILLIAM WOLFE,**
**Claimant Below, Respondent**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sheetz, Inc. ("Sheetz") appeals the September 18, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent William Wolfe timely filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which closed the claim for temporary total disability ("TTD") benefits, and, instead, granting Mr. Wolfe additional TTD benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 1, 2022, Mr. Wolfe stepped out of a truck while at work and missed a step, injuring his right knee. On June 2, 2022, Mr. Wolfe sought treatment from Gongqiao Zhang, PA-C. An x-ray of Mr. Wolfe's right knee revealed moderate medial and mild lateral patellofemoral compartment degenerative changes, a small effusion, and no acute fracture or malalignment. Mr. Zhang assisted Mr. Wolfe in completing an Employees' and Physicians' Report of Occupational Injury and indicated that the injury was occupationally related. By order dated June 16, 2022, the claim administrator held the claim compensable for a right knee sprain. Subsequently, on August 31, 2022, the claim administrator also authorized a right knee arthroscopy with revision reconstruction of the right ACL.

Mr. Wolfe underwent the right knee arthroscopy with revision reconstruction of the right ACL, which was performed by Edward McDonough, M.D., on September 12, 2022. Mr. Wolfe followed up with Dr. McDonough on December 9, 2022, and reported that he

---

[1] Sheetz is represented by James W. Heslep, Esq. Mr. Wolfe is represented by William B. Gerwig III, Esq.

1

was doing well and was following physical therapy protocol. Dr. McDonough continued Mr. Wolfe with physical therapy and noted that he was to remain off work.

On January 20, 2023, Mr. Wolfe was seen by Kristopher Smith, a Physician Assistant in Dr. McDonough's office. Mr. Smith instructed Mr. Wolfe to continue with physical therapy and to remain off work.

Mr. Wolfe underwent an independent medical evaluation performed by Joseph E. Grady II, M.D., on January 25, 2023. Dr. Grady found Mr. Wolfe to be at maximum medical improvement ("MMI") for the right knee sprain. He also noted that Mr. Wolfe had fulfilled the physical therapy requirements subsequent to his knee surgery. Dr. Grady noted that Mr. Wolfe was not working and mentioned that if Mr. Wolfe did attempt a return to work, a functional capacity evaluation ("FCE") would be helpful because his right knee still had limitations. As such, Dr. Grady also recommended limitations on the frequency of performing certain activities.

Mr. Wolfe returned to see Dr. McDonough on March 3, 2023, and reported that he had been doing well until recently when he felt knee instability during physical therapy. Dr. McDonough opined that the graft in his knee felt intact and attributed the weakness to quadricep atrophy. Dr. McDonough continued Mr. Wolfe in physical therapy and instructed him to remain off work. By order dated March 7, 2023, the claim administrator authorized physical therapy from March 11, 2023, through April 21, 2023. On March 24, 2023, the claim administrator closed the claim for temporary total disability ("TTD") benefits, stating that it had received no evidence that Mr. Wolfe continued to be temporarily and totally disabled.

On May 30, 2023, Mr. Wolfe returned to see Dr. McDonough, who directed Mr. Wolfe to continue with physical therapy. Dr. McDonough also noted that Mr. Wolfe was unable to work until August 30, 2023. By order dated June 21, 2023, the claim administrator authorized physical therapy from June 17, 2023, through August 25, 2023.

On September 18, 2023, the Board reversed the claim administrator's March 24, 2023, order closing the claim for TTD benefits and granted Mr. Wolfe TTD benefits from the date the benefits were last paid through August 30, 2023, and for other periods of time substantiated by credible medical evidence. The Board found that the evidence established that Mr. Wolfe continued to be temporarily and totally disabled following his authorized knee surgery. Although Dr. Grady opined that Mr. Wolfe had reached MMI, the Board noted that "he did not recommend [Mr. Wolfe] return to work until such time as he had undergone a functional capacity evaluation." The Board acknowledged Dr. McDonough's familiarity with the case and his expertise as an orthopedic surgeon and found that his reports indicated that Mr. Wolfe continued to be temporarily and totally disabled. The Board further observed that the claim administrator had authorized additional physical therapy through August 25, 2023, which occurred after the claim had been closed for TTD

2

benefits. The Board also noted that the employer's closing argument referenced certain reports that were not included in the evidentiary record. The Board concluded that Mr. Wolfe was entitled to additional TTD benefits. Sheetz now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Sheetz argues that Mr. Wolfe failed to establish that he is entitled to additional TTD benefits. According to Sheetz, Dr. Mukkamala placed Mr. Wolfe at MMI, and he and another medical professional, Mr. Warner, made findings of symptom magnification in their reports. Sheetz argues that, "[g]iven the lack of acute pathology on the [Mr. Wolfe's] imaging studies and findings of symptom magnification from Dr. Mukkamala and Mr. Warner, there is no reasonable medical basis for assigning [Mr. Wolfe's] reported symptoms to the compensable strain injury." Sheetz also notes in its summary of its argument, although not in the argument itself, that the Board clearly erred when it determined that "Dr. Grady's finding of maximum medical improvement [was] invalidated by his recommendation of a functional capacity evaluation."

After review, we agree with the reasoning and conclusions of the Board. Pursuant to West Virginia Code § 23-4-7a (2005), TTD benefits will cease when Mr. Wolfe has reached MMI, has been released to return to work, or has returned to work, whichever occurs first. At the outset, we dispense with Sheetz' arguments that the medical records of Dr. Mukkamala and Mr. Warner support the conclusion that Mr. Wolfe is not entitled to additional TTD benefits. The record is clear that Sheetz failed to submit these medical

3

records before the Board below and, as such, they were not considered. Accordingly, Sheetz' arguments in this regard are without merit.

Here, the evidence establishes that the Board was not clearly wrong in finding that Mr. Wolfe was entitled to additional TTD benefits. Although Dr. Grady opined that Mr. Wolfe had reached MMI with regard to his compensable injury, the Board found that Dr. McDonough's opinion that Mr. Wolfe continued to be temporarily and totally disabled was more persuasive. Specifically, the Board cited Dr. McDonough's familiarity with the case and his expertise as an orthopedic surgeon in reaching its conclusion. Moreover, the Board properly acknowledged that the claim administrator continued to authorize physical therapy based upon Dr. McDonough's recommendation even though it had closed the claim for TTD benefits. While Sheetz argues that the Board erred in finding that Dr. Grady's recommendation of an FCE invalidated his finding of MMI, the Board made no such finding. Rather, the Board found that despite concluding that Mr. Wolfe had reached MMI, Dr. Grady did not return Mr. Wolfe to work as he had recommended an FCE. In any event, the Board only mentioned this finding in passing and was more persuaded by Dr. McDonough's findings and the claim administrator's actions after closing the claim for TTD benefits. Based on the foregoing, we cannot find that the Board clearly erred in reversing the claim administrator's order and granting Mr. Wolfe TTD benefits in accordance with Dr. McDonough's recommendation and the claim administrator's authorization of physical therapy.

For the foregoing reasons, we affirm the Board's September 18, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating